JOAQUÍN ROVIRA TOMÁS, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. 605.     Decided April 25, 1963.

---

[3] See *People* v. *Pizarro*, 21 P.R.R. 17 (1914).

*J. B. Fernández Badillo, Solicitor General,* and *Arturo Estrella, Deputy Solicitor General,* for appellant. *Celestino Morales, Jr.,* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Joaquín Rovira Tomás and his wife Lucila Palés Díaz executed on February 23, 1946 before notary Ernesto Agostini deed of gift No. 12 by virtue of which they donated two rural properties which were part of the conjugal prop-

erty, to their five children, expressly providing in said deed the following:

"The donors reserve the right of usufruct of the donated properties and whatever they may produce for their natural life, provided that in case of the death of one of them, the survivor shall continue enjoying and receiving the proceeds in their entirety, until his or her death."

Lucila Palés Díaz died intestate on July 1, 1959 in the city of San Juan and she was survived by her husband Joaquín Rovira Tomás and her five children.

Upon sending the notice of death to the Secretary of the Treasury, the latter determined the inheritance tax of Rovira Tomás including among his hereditary estate subject to tax, half of the value of the usufruct that the conjugal partnership had reserved over the two properties donated to their children, and which Rovira Tomás continued to enjoy fully by virtue of the aforesaid clause in the deed of gift.

The taxpayer appealed to the superior court challenging the aforesaid determination of the Secretary of the Treasury and after the proper proceedings, said court, applying § 449 of the Civil Code (31 L.P.R.A. § 1579), which provided that a usufruct established in favor of several persons living at the time of its establishment shall not be extinguished until the death of the last survivor, decided in favor of the taxpayer and held that the imposition of the tax notified by the Secretary of the Treasury did not lie.

This is the judgment sought to be reviewed here and the question for decision is whether the facts stated constitute a taxable event under the provisions of the Inheritance and Gift Act.

The ground of said judgment is erroneous. The inapplicability of § 449 of the Civil Code is obvious. The usufruct which the Rovira spouses reserved to themselves over the two properties donated to their children is conjugal property. So were the properties themselves. Said usufruct

was not established in favor of several persons living, but in favor of the legal conjugal partnership constituted by the Roviras. And we know that said partnership is a separate and distinct entity from the spouses composing it. *Echevarría* v. *Despiau*, 72 P.R.R. 442 (1951) ; *Rivera* v. *Casiano*, 68 P.R.R. 177 (1948) ; *Rosaly* v. *Ríos*, 63 P.R.R. 801 (1944) ; *Pérez* v. *Registrar*, 62 P.R.R. 760 (1944) ; *Ex parte García*, 54 P.R.R. 478 (1939). The usufructuary was therefore a juridical entity. The retention of the usufruct was made in favor of said entity and not in favor of each spouse individually. This is not therefore the simultaneous enjoyment by husband and wife as two distinct usufructuaries. When the enjoyment is simultaneous (it consists in the enjoyment by several individuals at the same time of the benefits of a single thing) a sort of cousufruct is established. In the absence of a contract or of special provisions, the applicable rules for the relations between the coparticipants shall be those of the community of property. 4 Manresa, *Código Civil Español* 413. These rules do not govern the community partnership. This is governed by its own rules contained in §§ 91 and 1295 to 1326 of the Civil Code.

■ Now, the retention clause of the usufruct in favor of the Roviras provided "that in case of the death of any one of them, the survivor shall continue enjoying and receiving its proceeds in their entirety until his or her death." What is the scope, effect, or legal meaning of this provision? It is not a gift inter vivos, first, because it only produces the effect on the death of the donor, and second, because all gifts between spouses bestowed during the marriage shall be void except moderate gifts, pursuant to § 1286 of the Civil Code.[1]

---

[1] "Gifts between spouses are, therefore, void as a general rule. This means that legally they do not exist. This is not, in our opinion, a voidable act at the will of the donor, but a nonexistent act, because to

■ However, the law does not forbid gifts between spouses during the marriage to have effect on the death of the donor, that is, the so-called gifts "mortis causa,"[2] without prejudice, of course, to the legitimate portions.[3] But these gifts mortis causa partake of the nature of provisions by last will and shall be governed by the laws established for testamentary succession. Section 562 of the Civil Code (31 L.P.R.A. § 1985). Therefore, the manner for making these gifts is by will because actually it is a disposal of property to be made after death although the word gift is used. 5 Manresa, *Código Civil Español* 107. The gift mortis causa made in a public deed or in any other document which does not comply with the formalities of a will is void. Judgments of January 3, 1905 and April 24, 1909 of the Supreme Court of Spain. Consequently, when the death of Mrs. Rovira took place, her widower acquired nothing by testamentary provision, since the cause providing for the usufruct in favor of the surviving spouse stated in the deed of gift is void. Since this clause in favor of Mr. Rovira produced no legal effects, it may be stated that the usufruct that might have

---

declare it voidable would be tantamount to leaving the fulfillment of the law to the mercy of the very spouses who might violate it, remaining valid the prohibited gifts by the failure to exercise the action during four years, which is absurd." (9 Manresa, *Código Civil Español* 256.)

[2] "Section 1.334, like the preceding ones, refer to gifts inter vivos, to gifts properly speaking, and those, if made, are void; but it does not prohibit, nor can it prohibit it, because such prohibition would constitute a great injustice, that after death one of the spouses should reward love, disinterestedness, efficient help, and the sacrifices of the other with a bequest, or if he wishes, a gift mortis causa of more or less importance, and even with his whole inheritance, if it were possible, because no other person is left with a right thereto. Nor is there any other solution possible, nor do we believe that any legislature, under guise of prohibiting gifts between spouses, would dare to adopt a more radical system, equivalent to punishing the widower for the mere fact of having married, with a penalty of rendering him unable to inherit from the deceased spouse." (9 Manresa, *Código Civil Español* 255.)

[3] Section 578 of the Civil Code (31 L.P.R.A. § 2023) provides that no person can give, by way of gift, more than what he can give by will.

corresponded to his wife if the conjugal partnership had been dissolved by any cause other than death, became extinguished by her death and it was consolidated in the naked owners. Section 441 of the Civil Code (31 L.P.R.A. § 1571) and § 409 of the same Code (31 L.P.R.A. § 1520) ; *Pérez* v. *Rodríguez*, 71 P.R.R. 732 (1950).

The total enjoyment by Mr. Rovira of the properties donated lack legal basis. We have here perhaps an abdicative waiver on the part of the donees to one half of the fruits and utilities of said properties, and although this might produce a diminution in the patrimony of those waiving by their unilateral will, yet it is insufficient to produce an increase in the patrimony of Mr. Rovira.

■ We have before us a tax problem. In order that an event may be taxable it should be included in the Gift and Inheritance Act. In the recent case of *Manautou* v. *Sec. of the Treasury*, 87 P.R.R. 174 (1963), we said: "It is therefore inferred that in order to levy the tax provided by said Act it is necessary that the transaction or transfer be included or embraced within any of the definitions of § 1, 13 L.P.R.A. § 881."

■ From the ample and sweeping definition of the term "gift" made in the Act, the only possible consideration is that which defines it as "any transfer made by inheritance, by will or ab intestate," since the other definitions not even remotely include a transaction such as the one we have under consideration.[4] And we have seen, for the reasons stated, that the wife of the taxpayer Mr. Rovira did not make a valid gift in favor of the latter and that he is not her heir ab intestato in half of the usufruct object of the tax. The other situation of fact that is created in the donees unilaterally consenting that their father continue in the total

---

[4] See *Freeman* v. *Sec. of the Treasury*, 82 P.R.R. 298 (1961).

enjoyment of both properties, is an event not included or contained within the definition of "gift".

Consequently, and although for different reasons, the judgment of the Superior Court will be affirmed.